**In re Paul M. COLOSIMO, Debtor.**

No. 99–52511.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 12, 2001.

---

222

Carl G. Hiteman, Medina, OH, for debtor.

Daniel Dreyfuss, Cleveland, OH, for creditor.

## ENTRY OF JUDGMENT

MARILYN SHEA-STONUM,
Bankruptcy Judge.

This matter came on for hearing on January 24, 2001, and at the conclusion of the hearing, the Court rendered an oral decision. In accordance with the Court's oral decision, which incorporated findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052, provisional judgment was entered on behalf of the debtor on his Motion for Contempt, Sanctions and Attorney Fees against the Cleveland Clinic (the "Clinic") and the Court retained jurisdiction to review the filings and accounting ordered by the Court. A Provisional Entry of Judgment was entered on February 5, 2001.

█ In its Provisional Entry of Judgment the Court ordered, *inter alia,* that the Clinic was to pay punitive damages in the sum of $2,500, of which $1,750.00 could be purged by the filing of a detailed explanation as to actions to be taken to prevent further violations of the automatic stay and the post-discharge injunction, as occurred in the above-captioned case. On February 28, 2001, the Clinic filed its detailed report stating that there were procedures in place for a specific notation code on a patient's file with the bankruptcy case number, although it might take one or two billing cycles before the notice was received and updated on the Clinic's system. However, the Clinic acknowledged that these procedures were insufficient in this instance. The Clinic stated that in order to prevent a further violation of the Code, "more direct lines of communication have been established" so that any type of notification that a patient/debtor was receiving bills would be addressed immediately. In addition, if notification is received indicating that a patient/debtor continues to receive bills, the record of the patient/debtor will be "manually examined" to verify that all systems used to bill patients have notification of the bankruptcy. With this information, the Court is satisfied that the Clinic has complied with its order, and punitive damages of $1,750.00 are purged.

█ The Court's Provisional Entry of Judgment also ordered that attorney for the debtor, Carl Hiteman, file with the Court a detailed accounting of each case in which he had been paid sums of money, without order of the Court, due to creditors' violations of the automatic stay and/or post-discharge injunction, setting forth the amount of monies retained by him and the amount sent to the debtor. On February 26, 2001, Hiteman filed his

accounting. He stated that there had been only one case in which creditors have returned money to the debtors out of the five or six cases in which he had made requests concerning violations of the automatic stay. In that case the debtors received from two creditors the sum of $1,300 from which they paid $200.00 to Hiteman. He further stated that the above-captioned case had been more complicated than the other case noted and that he had expended three hours of attorney time to attempt to stop the Clinic from billing the debtor, and requested $375.00 in fees in this case.

The requested fees are hereby GRANTED in full and within ten (10) days of the receipt of this Entry of Judgment the Clinic shall issue a certified check for this amount to Carl G. Hiteman at the address provided on the Certificate of Service attached to this Entry of Judgment.

Because of the representations that the Clinic has made concerning its efforts to avoid recurrence of the problems addressed herein, this Entry of Judgment will be submitted to the various legal publishing entities for publication in print and electronic media.

**IT IS SO ORDERED.**